

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-26-00087-CR

---

KRISTINA RHEA SMITH, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 336th District Court
Fannin County, Texas
Trial Court No. CR-24-29005

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

MEMORANDUM OPINION

On December 17, 2025, Kristina Rhea Smith pled guilty to the offense of theft by a public servant of property valued at more than $300,000.00. Smith was sentenced to thirty years' confinement in jail. Despite the trial court's certification that this was a plea-agreement case and that she had no right of appeal, Smith filed a notice of her intent to appeal the trial court's judgment of conviction. Because we find that we are without jurisdiction, we will dismiss the appeal for want of jurisdiction.

The Texas Legislature has granted a very limited right of appeal in plea-bargain cases. Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure details that right as follows:

> (2)   . . . In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only:
>
>> (A)   those matters that were raised by written motion filed and ruled on before trial,
>>
>> (B)   after getting the trial court's permission to appeal, or
>>
>> (C)   where the specific appeal is expressly authorized by statute.

TEX. R. APP. P. 25.2(a)(2). There is no indication in the record before this Court that (1) this specific appeal is expressly authorized by statute, (2) Smith filed a motion that was ruled on before trial, or (3) Smith obtained the trial court's permission to appeal. To the contrary, the trial court's certification of Smith's right of appeal indicates that she has no right of appeal. Pursuant to Rule 25.2(d) of the Texas Rules of Appellate Procedure, this Court is required to dismiss an

2

appeal for lack of jurisdiction if, as in this case, the trial court's certification indicates that there is no right of appeal. *See* TEX. R. APP. P. 25.2(d).

On April 30, 2026, this Court sent Smith a letter informing her of the apparent defect in our jurisdiction over her appeal and afforded her an opportunity to respond and, if possible, cure such defect. Smith did not respond to our April 30 correspondence.

Because Smith has no right of appeal due to her plea agreement with the State and because the trial court's certification correctly indicates that she is without a right of appeal, we dismiss this appeal for want of jurisdiction.

Jeff Rambin
Justice

Date Submitted:     May 28, 2026
Date Decided:       May 29, 2026

Do Not Publish